UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

KENNETH A. FOX,

      Plaintiff,

  v.

U.S. GOVERNMENT,

      Defendant.

Case No. 3:19-cv-00874-YY

OPINION AND ORDER

YOU, Magistrate Judge:

Defendant United States has filed a Motion to Transfer Venue, ECF #13, in this case and another case that plaintiff filed in this district, *Fox v. U.S. Government*, Case No. 3:19-cv-00971-YY. Plaintiff, who is appearing *pro se*, has not filed a response to either motion. For the reasons discussed below, the motion is GRANTED.[1]

---

[1] "[B]ecause a motion to transfer venue [pursuant to 28 U.S.C. § 1404(a)] does not address the merits of the case . . . it is a non-dispositive matter that is within the province of a magistrate judge's authority" under 28 U.S.C. § 636(b)(1)(A). *Corrinet v. Burke*, No. 6:11–cv–06416–TC, 2012 WL 1952658, at *6 (D. Or. Apr. 30, 2012); *Shenker v. Murasky*, 1996 WL 650974, at *1 (E.D.N.Y. Nov. 6, 1996) ("An order issued by a magistrate judge transferring venue under 28 U.S.C. § 1404(a) is non-dispositive."); *Holmes v. TV–3, Inc.*, 141 F.R.D. 697, 697 (W.D. La. 1991) ("[a motion to transfer venue] is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor is it dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure"); *Cantley v. Radiancy, Inc.*, 2016 WL 4191889, at *6 (E.D. Cal. Aug. 8, 2016) (same); *Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 (S.D. Cal. 2013)(same).

1 – OPINION AND ORDER

**FINDINGS**

In this case, plaintiff asserts a claim under the Federal Tort Claims Act, alleging that he was shot in the face and deprived of medical care for his injuries while incarcerated at Lompoc Federal Correctional Institution. Compl., ECF # 2. This case is one of three cases that plaintiff has filed in federal court, all arising from events that occurred during his incarceration at Lompoc, which is located in the Central District of California. In *Fox v. U.S. Government*, Case No. 3:19-cv-00874-YY, also pending in this district, plaintiff alleges that he was deceived into signing a written refusal of hip surgery. In *Fox v. Bureau of Prisons, et al.*, Case No. 2:19-cv-00567-MAA (C.D. Ca.), filed in the Central District of California, plaintiff alleges Eighth Amendment *Bivens* claims for the very same actions underlying his District of Oregon cases— i.e., that he was deceived into signing a written refusal of hip surgery and suffered injuries from being shot in the face.

Defendant moves the court to transfer venue to the Central District of California under 28 U.S.C. § 1404(a). Section 1404 "partly displaced" the doctrine of forum non conveniens, *Miskow v. Boeing Co.*, 664 F.2d 205, 207 (9th Cir. 1981), and provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The purpose of section 1404(a) is to "prevent the waste of time, energy, and money to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Id.* (internal citations and quotation marks omitted).

Under Section 1404(a) , the court has "discretion . . . to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622). "A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." *Id.*

"[F]orum non conveniens considerations are helpful in deciding a § 1404 transfer motion." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). In the forum non conveniens analysis, the court "must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Id.* "[T]he court should consider private and public interest factors affecting the convenience of the forum." *Id.* "Private factors include the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)) (internal quotation marks omitted). "Public factors include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.* (quoting *Piper Aircraft*, 454 U.S. 235, 241 n.6 (1981)) (internal quotation marks omitted). If a forum selection clause exists, that is a "significant factor" in the analysis. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

Generally, a "defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker*, 805 F.2d at 843. However, "[t]he degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint." *Fabus Corp. v. Asiana Exp. Corp.*, No. C-00-3172 PJH, 2001 WL 253185, at *1 (N.D. Cal. Mar. 5, 2001).

Here, there is no dispute that this matter could be filed in the Central District of California. In fact, plaintiff has related litigation pending there already. On the civil cover sheet for this case, plaintiff acknowledges that this case is "related" to the case he filed in the Central District of California. ECF #2-2. The Central District of California would have subject matter jurisdiction, as plaintiff alleges a claim under federal law, i.e., the Federal Tort Claims Act. *See* 28 U.S.C. § 1331. Moreover, venue is proper in that district, as a "substantial part of the events or omissions giving rise to the claim occurred" there. 28 U.S.C. § 1391(b)(2).

The relevant private and public factors also weigh heavily in favor of transfer. All of the purported events occurred in the Central District of California, where all of the witnesses, except for plaintiff, are located. In light of those circumstances, the financial and logistical impediments to trying this case in Oregon versus California are obvious. Moreover, there is no local interest in this case and no point in unfairly burdening Oregon citizens to serve as jurors on this case. This case has no connection to the District of Oregon. Indeed, plaintiff himself does not even reside in this district.

Finally, plaintiff's choice of forum does not count heavily here. As noted, plaintiff has filed another case involving the same underlying events in the Central District of California. In fact, he filed that case on January 24, 2019, before filing his other cases in this district in June

2019. Thus, in essence, plaintiff has chosen two forums, and it does not serve the interests of justice to allow him to proceed in both.

## CONCLUSION

Defendant's Motion to Transfer Venue (ECF #13) is GRANTED, and this case shall be transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

DATED December 3, 2019.

                                                      /s/ Youlee Yim You  
                                                 Youlee Yim You  
                                                 United States Magistrate Judge